# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DONALD LEE SAPP, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  1:11CV206 |
| | ) |
| ALVIN W. KELLER, JR., | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody together with an application to proceed *in forma pauperis*. For the following reason, the Petition cannot be further processed.

1. Petitioner indicates that his state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). As has been explained to Petitioner on two prior occasions, this Court cannot grant him relief unless he firsts exhausts his state court remedies. He indicates in his Petition that he is "doing so now" when asked if he has sought review from a higher state court. (Docket Entry 2, § 9(g). It is not clear if this is a reference to an ongoing state court proceeding or to the current Petition. However, if Petitioner has a state proceeding pending, he should wait to file in this Court until it is finished. If it is a reference to the current Petition, Petitioner is mistaken. This Court is not a state court. Petitioner also indicates that he did not exhaust his state court remedies because he waived his right to appeal as part of the plea agreement that he now claims is invalid in his Petition. (*Id*. § 12(c)(2), (d)(7).) This perhaps explains why Petitioner did not raise his claim in a direct appeal, but does not explain why he did not file a motion for appropriate relief or some other form of collateral review in the state courts. As Petitioner has already been told, he must raise his claim in the state courts before bringing it here.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with

the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow once his state court remedies have been exhausted. Petitioner should not file further § 2254 petitions in this Court until he has exhausted his state remedies.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition once he has exhausted his state court remedies.

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                       **United States Magistrate Judge**

March 15, 2011